**GREAT LAKES CONTAINER CORPORATION,**
Plaintiff,

v.

**COLUMBUS STEEL DRUM COMPANY, INC., et al., Plaintiffs and Defendants,**

and

Frank J. Kelley, et al., Plaintiffs,

v.

Great Lakes Container Corporation, et al., Defendants.

and

**International Minerals and Chemical Corporation, Defendant, Counter–Plaintiff and Third–Party Plaintiff,**

v.

**A.G. Simpson, Inc., et al., Third–Party Defendants.**

No. 85–CV–73556–DT.

United States District Court,
E.D. Michigan.

May 24, 1999.

Thomas Allen, Farmington Hills, MI, for L. Gray Barrel and Drum Co.

Robert P. Reichel, Assistant Attorney General, Environmental Protection Division, Lansing, MI, for the State of Michigan.

Stephen P. Ormond, Southfield, MI, for City of Pontiac.

Joseph C. Basta, Detroit, MI, for E.I. Dupont DeNemours & Co., Flint Ink Corp., GM Corp., SWS Silicones and Ford Motor Company.

Steven E. Chester, Lansing, MI, for Columbus Steel Drum Co. of Pontiac.

Charles E. Barbieri, Michael Huber, Lansing, MI, for Mallinckrodt, Inc.

Marc K. Shaye, Detroit, MI, for Great Lakes Container.

James K. O'Brien, Troy, MI, for Christopher Industries, Inc., William A. Christopher, Jr., and John Christopher.

Thomas Woods, Mount Clemens, MI, for Great Lakes Container Corp., Irving A. Rubin, and Robert Bonczyk.

## OPINION

DUGGAN, District Judge.

Mallinckrodt Group, Inc., ("MGI")[1], is a defendant in an action brought by the State of Michigan and others, under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), and the Michigan Environmental Response Act ("MERA"), for cleanup costs related to environmental contamination at a site formerly owned and operated by MGI. In July of 1986, MGI brought a third-party complaint against L. Gray Barrel and Drum Company ("LGBD"), and approximately 130 other third-party defendants, asserting claims of: 1) recovery of response costs pursuant to § 107 of CERCLA; 2) indemnification[2]; and 3) contribution.[3] This matter is before the Court on de minimis third-party defendant LGBD's motion for partial summary judgment against third-party plaintiff MGI. A hearing was held on LGBD's motion on May 13, 1999.

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The parties have not identified any disputed issues of fact that would warrant the denial of summary judgment.

MGI asserts in its third-party complaint that LGBD is "liable pursuant to Section 107 of CERCLA for these response costs, and for all removal, remedial and response costs incurred, or to be incurred, in cleaning up the ... site." (3rd Party Compl. at ¶ 8). MGI seeks joint and several cost recovery against other potentially responsible parties ("PRPs"), under § 107(a) of CERCLA.

The Sixth Circuit has recently addressed the right of a PRP to seek joint and several cost recovery under § 107(a). In *Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp.*, 153 F.3d 344 (6th Cir.1998), the Sixth Circuit, following the reasoning of the First, Third, Seventh, Ninth, and Tenth Circuits, held that PRPs are precluded from seeking joint and several cost recovery under § 107(a) of CERCLA.[4] Therefore, LGBD argues that, pursuant to the reasoning of *Centerior*, MGI is precluded from seeking joint and several cost recovery from it and the other third-party defendants.

MGI contends that *Centerior* is not controlling because the plaintiff in *Centerior*, never contested its liability and in all respects " 'conceded' liability," (MGI's Resp. to LGBD's Mot. for Partial Summ. J. at 3) whereas in this case, MGI has not expressly admitted liability. MGI relies on the following statement, in *dicta*, from the Sixth Circuit: "We expressly leave open the question of whether volunteers, or parties who are truly innocent, may seek joint and several cost recovery, thereby encouraging voluntary cleanups." *Id.* at 354.

---

1. MGI was formerly known as International Minerals & Chemicals Corporation.

2. In its response brief, filed on March 19, 1999, MGI stipulated to the dismissal of its indemnity claim against LGBD only, and not the remaining third-party defendants. "In making this stipulation, [MGI] does not admit or stipulate to any facts or claims set forth in [LGBD's] motion or brief." (MGI's Resp. to LGBD's Mot. for Partial Summ. J. at 2).

3. The instant motion does not address MGI's claim for contribution.

4. The Sixth Circuit explained that although PRPs were precluded from joint and several cost recovery, they were entitled to maintain actions for contribution. "Claims by PRPs ... seeking costs from other PRPs are necessarily actions for contribution...." *Id.* at 350.

Presumably then, by relying on this quotation, MGI is contending that it is either "truly innocent" or has undertaken a voluntary cleanup of the site. However, is undisputed that MGI has not undertaken a voluntary cleanup of the site. As the Court in *Centerior* stated: "[N]o purpose would be served by adopting a blanket rule allowing joint and several cost recovery by rewarding such plaintiffs who did not settle with the government and did not initiate a site cleanup on their own." *Id.*

Furthermore, this Court is not persuaded that MGI meets the "truly innocent" test. 42 U.S.C. § 9607(a)(2) defines a PRP as, "any previous owner or operator during any time in which hazardous substances were disposed at a waste facility." It is undisputed that MGI owned the site at issue from 1971 through 1976. Liability for cost recovery actions asserted against PRPs under CERCLA § 107 is strict. *Id.* at 348 (citing *United States v. Colorado & Eastern Railroad Company*, 50 F.3d 1530, 1535 (10th Cir.1995)). MGI asserts that: "In the present case there has been no admission of liability by [MGI] and [MGI] has asserted affirmative defenses for the actions against it." (MGI's Resp. to LGBD's Mot. for Partial Summ. J. at 4). CERCLA only recognizes a small class of "truly innocent" PRPs, specifically, those who meet the "innocent owner defense."

■ To avail itself of this defense, MGI must demonstrate: 1) that another party was the "sole cause" of the release of hazardous substances and the damages caused thereby; 2) that the other responsible party did not cause the release in connection with a contractual, employment, or agency relationship with MGI; and 3) that MGI exercised due care and guarded against the foreseeable acts or omissions of the responsible party. *See Trinity Am. Corp. v. United States Envtl. Protection Agency*, 150 F.3d 389, 396 (4th Cir.1998). In light of the foregoing, demanding stan-

dard, the Court is not persuaded that MGI can establish that it was "truly innocent." However, if MGI is adjudicated "truly innocent," it will not incur any liability to the original plaintiffs, and thus it will not have to recover any response costs under CERCLA. *See* 42 U.S.C. 9607(b)(3).

■ After fourteen years of litigation, MGI has neither initiated a site remediation on its own, nor has it settled with the government. MGI acknowledges that its "involvement with the site has only been an attempt to further settlement." (MGI's Resp. to LGBD's. Mot. for Partial Summ. J. at 4). MGI is therefore not entitled to seek joint and several cost recovery; however, it is entitled to seek contribution. Therefore, summary judgment shall be granted in favor of LGBD with respect to MGI's claim for joint and several cost recovery.[5]

An Order consistent with this Opinion shall issue.

---

5. The Court makes no ruling with respect to any claim that MGI may be asserting under MERA. Although the issue of recovery under MERA was discussed in the briefs, it is not asserted as a basis for relief in LGBD's motion for partial summary judgment.